IN THE UNITED STATES DISTRICT COURT
                  FOR THE EASTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. CR-07-59-RAW |
| FRANCIS D. STIPE, | ) |
| Defendant. | ) |

## ORDER

A pretrial conference was held in this case on January 30, 2008. The Court ruled on the defendant's second motion for continuance and permitted defendant to supplement his motion for discovery, which has been done. The Court now rules on the pending motions.

In his motion in limine (#30), defendant seeks to exclude evidence regarding the Federal Election Commission (FEC) investigation of the 1998 Walt Roberts for Congress campaign. Specifically, defendant argues that a conciliation agreement he entered into with the FEC should be excluded under Rule 408 F.R.Evid.

The motion is denied. The effective date of amended Rule 408 is December 1, 2006. Thus, it is applicable to the pending case, which did not commence until October 5, 2007. The fact that the conciliation agreement itself was entered into before the effective date of the new Rule does not justify retroactive application of the Rule. The Committee Notes cite *United States v. Prewitt*, 34 F.3d 346 (7th Cir.1994), which held that admissions of fault made in compromise of a civil securities enforcement action were admissible against the accused

in a criminal action for mail fraud. The Court has also considered exclusion under Rule 403 F.R.Evid. and finds the evidence admissible.

Defendant also moves for discovery (#32) of the pre-sentence report (PSR) of Mike Mass in CR-07-26-RAW. The government responded that an in camera inspection by the Court was the best procedure. The motion has, however, prompted an objection by Mr. Mass himself (#49). The objection asserts that the defendant's request should be denied "without hearing or *in camera* review." (Objection at 1). The Court disagrees. "In camera review by the trial court of a cooperating witness's PSR to determine whether it contains any discoverable information protects the witness's interest in confidentiality while preserving the defendant's trial rights." *United States v. Ventura*, 132 F.3d 44 (10th Cir.1997)(unpublished).[1]

In his supplement to the motion for discovery, defendant correctly notes that the Tenth Circuit has held that "failure to object to a fact in a presentence report, or failure to object at the hearing, acts as an admission of fact." *United States v. Deninno*, 29 F.3d 572, 580 (10th Cir.1994). This clearly means an "admission" for purposes of sentencing only, not for cross-examination purposes in a subsequent trial, and therefore defendant's argument is rejected.

---

[1] The objection states "the Court is under no obligation to undertake the onerous and unnecessary task of *in camera* review" of the Mass PSR (Objection at 4). The Court appreciates the concern of Mr. Mass's counsel, but the Court reviews numerous PSRs per month. The task of reviewing an additional one for the present purpose is not onerous.

The Court has conducted an in camera review of the PSR and finds no "statements" for purposes of the Jencks Act[2] nor any material discoverable under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972).

The defendant argued at the hearing that he should at least be provided with the Sentencing Guidelines calculation for Mr. Mass. Defendant has cited no authority for such disclosure and the Court declines to direct it.[3] *Cf. United States v. Hart*, 61 F.3d 917 (10th Cir.1995)(unpublished)(regarding defendant's request for other portions of PSR, "we agree with the district court that the 'extremely marginal relevance' of that information 'is considerably outweighed by the considerations of confidentiality'"). Moreover, defendant will not be permitted to pose questions about those calculations in cross-examination, for the reasons stated in *United States v. Arocho*, 305 F.3d 627, 636-37 (7th Cir.2002)(might mislead or confuse the jury as to penalty defendant on trial faced). Defendant will be permitted to elicit sufficient information (regarding the effect of cooperation and testimony upon sentence, for example) to allow the jury to assess the witness's credibility, motives or possible bias.

---

[2]In *United States v. Sasser*, 971 F.2d 470, 479 (10th Cir.1992), the Tenth Circuit found that because PSRs contain a "defendant's version" of the facts constituting a "statement," a co-defendant's PSR may fall under Jencks where it is in the hands of the prosecutor. From this Court's review, the Mass PSR does not contain a "defendant's version" section.

[3]Under Tenth Circuit authority, "[a] presentence report is prepared exclusively at the discretion of and for the benefit of the court . . . [It] is not a public record, it is a <u>confidential</u> report for the use of the Judge of the Court in his effort to determine what a fair sentence should be." *United States v. Dingle*, 546 F.2d 1378, 1381 (10th Cir.1976)(emphasis added). The *Dingle* decision was questioned on other grounds by *Sasser*, but the quoted statement remains viable.

3

Finally, defendant has filed a notice of hearsay (#33) , in which defendant announces his intention to offer the deposition of W.H. Layden, now deceased, which was taken during the FEC investigation. At the hearing, the government stated that – in view of the fact that the Court was admitting the conciliation agreement – it had no objection. The parties should confer as to the additional Layden "discovery" mentioned in the defendant's notice and seek to reach agreement regarding admission or exclusion.

It is the Order of the Court that the motion in limine (#30) and the motion for discovery (#32) of the defendant are hereby DENIED. The objection of Michael Don Mass (#49) is deemed moot

**ORDERED THIS 6th DAY OF FEBRUARY, 2008.**

**Dated this 6th Day of February 2008.**

J4h4i0

Ronald A. White
United States District Judge
Eastern District of Oklahoma